USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO FLORES MARTIN,
Plaintiff,

-v.-

49TH STREET PIZZA CORP. et al.,
Defendants.

24 Civ. 3450 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

On July 18, 2025, the parties submitted a joint motion seeking approval of a proposed settlement agreement that would dismiss Plaintiff's claims in this case with prejudice. *See* ECF No. 28. "[P]arties cannot enter into private settlements of FLSA claims without either the approval of the district court or the Department of Labor." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Accordingly, the Court must review the parties' proposed settlement of their FLSA claims to determine whether it is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

As part of the Court's review of the proposed settlement, the Court must evaluate the reasonableness of its award of attorneys' fees. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012); *see Hernandez v. Compass One, LLC*, No. 20-cv-7040 (LJL), 2021 WL 4925561, *3 (S.D.N.Y. Oct. 21, 2021) ("But there is nothing in *Fisher* that suggests that where a lawyer and his client have agreed on a contingent fee, the court is relieved of its obligation to ensure that the allocation of settlement proceeds to counsel is fair and reasonable before embodying it in a court-approved settlement. To the contrary, the *Fisher* court explicitly held that 'if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs.'" (citing *Fisher v. SD Protection Inc.*, 948 F.3d

593, 600 (2d Cir. 2020)). The Court may evaluate the award of attorneys' fees with reference to the "percentage of the recovery" method or the "lodestar" method. *See Fresno Cnty. Employees' Ret. Ass'n v. Isaacson/Weaver Family Tr.*, 925 F.3d 63, 68 (2d Cir. 2019). If the "percentage of the recovery" method is used, the Second Circuit encourages the calculation of the lodestar as a "cross check" on the reasonableness of the requested percentage. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (citation omitted).

The parties' motion for approval of the proposed settlement does not provide materials documenting the hours that Plaintiff's counsel has expended on this case. *See* ECF No. 28 at 4-5. The Court requires such documentation in order to perform a lodestar calculation, regardless of which method it employs to evaluate the parties' proposed award of attorneys' fees. *See Goldberger*, 209 F.3d at 50. By **September 11, 2025**, the parties are directed to submit a sworn affidavit from Plaintiff's counsel documenting the hours it has devoted to this case. The affidavit must provide sufficient information for the Court to perform a lodestar calculation.

The parties are reminded that, now that they have reached a settlement, they have the option to consent to proceed for all purposes before the designated Magistrate Judge (the appropriate form for which is available at http://nysd.uscourts.gov/node/754), in which case the designated Magistrate Judge would decide whether to approve the settlement. If all parties consent to proceed before the designated Magistrate Judge, they should file a fully executed version of the consent form on the docket on or before **the date set forth above**.

SO ORDERED.

Dated: August 31, 2025
New York, New York

Jennifer H. Rearden
JENNIFER H. REARDEN
United States District Judge